UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23865-BLOOM/Elfenbein

MICHAEL GRIFFITH,

     Plaintiff,

v.

PATRICIA TOSCANO,

     Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Patricia Toscano's Motion to Dismiss Plaintiff's Complaint ("Motion"). ECF No. [13]. The Court referred the Motion to Magistrate Judge Ellen D'Angelo for a Report and Recommendation ("R&R"). ECF No. [24]. Judge D'Angelo issued her Report and Recommendation, ECF No. [38], to which Plaintiff timely filed Objections. ECF No. [41]. Defendant thereafter filed a Response to Plaintiff's Objections. *See* ECF No. [45]. For the reasons that follow, the Court adopts the R&R in part.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action arises from a contract dispute between the parties involving the sale of Defendant's property located at 6825 Sunrise Drive, Coral Gables, Fl 33133 (the "Property"). The Complaint alleges that "Plaintiff and Defendant entered [ ] an express oral contract (the 'Agreement') pursuant to which Plaintiff would assist Defendant in the sale of the [P]roperty," and the parties would split the post-tax proceeds 50/50. ECF No. [1-2] at ¶ 9. Plaintiff fully performed all his obligations under the Agreement, and Defendant's Property was eventually sold. Defendant received $6,500,000.00 in net proceeds from the sale, which was supposed to be split evenly with

Plaintiff. While Defendant partially fulfilled her obligations by wiring Plaintiff $2,000,000.00, Defendant has refused to pay Plaintiff the remaining $1,250,000.00 he is owed under the Agreement. Plaintiff thereafter filed the instant action for Breach of Contract (Count I) and Conversion (Count II) in the Eleventh Judicial Circuit in and for Miami-Dade County. *Id.* According to Plaintiff, he filed the Complaint in the Eleventh Judicial Circuit because the purported breach and conversion of the Plaintiff's proceeds "occurred in Miami-Dade" County, Florida. *Id.* at ¶ 2.

Defendant removed the case to federal court pursuant to this Court's diversity jurisdiction.[1] Shortly thereafter, Defendant filed the instant Motion to Dismiss, arguing that the Complaint should be dismissed for lack of jurisdiction, as Plaintiff's jurisdictional allegations are threadbare and conclusory. ECF No. [13]. Defendant further argued that Plaintiff's Complaint should be dismissed because he failed to effectuate timely service of process in accordance with Irish law. *Id.* Alternatively, if the Court finds dismissal of the entire Complaint is not appropriate, Defendant contends that Plaintiff's Conversion claim in Count II should be dismissed for failure to state a claim because Plaintiff has failed to identify specific and identifiable funds, that the funds were ever Plaintiff's property, or that Defendant ever converted the funds in question.

Plaintiff responded to the Motion, arguing that his allegations satisfy Florida's long-arm statute and constitutional requirements for personal jurisdiction, and Defendant has failed to overcome the presumption that service was proper. ECF No. [16]. Regarding the Conversion claim, Plaintiff maintains that he has adequately stated a conversion claim because he alleges that he was entitled to fifty percent of the proceeds from the sale of Defendant's Property under the

---

[1] Plaintiff is a citizen of New York, and Defendant is a resident and citizen of the Republic of Ireland. *See* ECF No. [1] at ¶¶ 3-5.

Agreement, Plaintiff made a demand on Defendant for the funds, and Defendant refused to release the funds to him, notwithstanding her contractual obligation to do so. *See id.*

The Court referred Defendant's Motion to Judge Ellen D'Angelo for a Report and Recommendation ("R&R"). ECF No. [38]. In her R&R, Judge D'Angelo recommended that the Court dismiss Plaintiff's Complaint for lack of personal jurisdiction and failure to properly serve Defendant.[2] Additionally, although Judge D'Angelo recommended that the Complaint should be dismissed without prejudice, she concluded that the dismissal should be without leave to amend because Plaintiff did "not wish to file an amended complaint." *Id.* at 24.

Plaintiff timely filed objections to the R&R on February 11, 2026. ECF No. [41]. In his objections, Plaintiff disagrees with Judge D'Angelo's findings that this Court lacked jurisdiction, that service was improper, and that he failed to state a claim for conversion in Count II. According to Plaintiff, Judge D'Angelo "engaged in a weighing of evidence" that is "more appropriate at the summary judgment stage." ECF No. [41] at 2. Plaintiff insists that, at the pleadings stage, the Court must accept his allegations as true and may not consider the amount of evidence in support of each party's position. *Id.* If Judge D'Angelo had utilized the proper standard, Plaintiff maintains that there would be no basis for dismissal of his Complaint.

Regarding Judge D'Angelo's jurisdictional findings, Plaintiff contends that although his pleadings could have been more specific as to where the alleged events took place that give rise to the instant action, his jurisdictional allegations nevertheless establish a "substantive plausibility" that the alleged events occurred within this Court's jurisdiction and, as such, dismissal is improper.

---

[2] While Judge D'Angelo's finding of lack of personal jurisdiction and failure to properly serve supports a dismissal of the Complaint in its entirety, she also found that Count II (the Conversion claim) should be dismissed for failure to state a claim, as Plaintiff failed to adequately allege that the funds at issue were "specific and identifiable." ECF No. [38] at 23.

Plaintiff also disagrees with Judge D'Angelo's conclusion that the Complaint should be dismissed without leave to amend. Plaintiff argues that his pleading deficiencies are easily curable, and, therefore, justice requires leave to amend notwithstanding his failure to properly seek leave to amend.[3]

## II.    LEGAL STANDARD

In reviewing a report and recommendation, the district court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation. 28 U.S.C. § 636(b)(1). "In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (alterations omitted) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers

---

[3] Plaintiff points out that while he did not file a motion seeking leave to amend, he orally requested leave to amend at the motion hearing before the magistrate judge and submitted a written request for leave to amend in his Response to the Motion to Dismiss. *See* ECF No. [41] at 2.

submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### III.   ANALYSIS

Plaintiff offers no specific objections to Judge D'Angelo's recommendation that the Court dismiss the Complaint other than to argue that (1) Plaintiff alleged a substantially plausible basis for personal jurisdiction, (2) Judge D'Angelo improperly weighed evidence, and (3) even if dismissal was proper, dismissal should be with leave to amend. Accordingly, those three issues are entitled to *de novo* review.[4]

The Court turns first to Plaintiff's contention that Judge D'Angelo incorrectly found that he did not plausibly allege personal jurisdiction. Plaintiff fails to point to any factual allegations in the Complaint or other evidence that Judge D'Angelo failed to consider, nor does Plaintiff point to any case law that rebuts Judge D'Angelo's conclusion that his factual allegations and supporting evidence are insufficient to make out a *prima facie* case. *See Barry O. v. Comm'r of Soc. Sec.*, No. 118CV01624LMMJSA, 2019 WL 5490623, at *3 (N.D. Ga. July 17, 2019) ("Frivolous, conclusive, or general objections need not be considered by the district court.") (quoting *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009)); *Sledge v. PHH Mortg. Corp.*, No. 1:22-

---

[4] For the remaining issues, Plaintiff relies exclusively on arguments he previously raised in his Response to the Motion to Dismiss. *See* ECF No. [41] at 1 ("While Plaintiff disagrees with the Magistrate's recommendations and relies on the arguments set forth in his response in opposition [ ], he will only address the recommendation that Plaintiff not be permitted to amend and re-serve the complaint."). That is not a properly raised objection and, therefore, those arguments are only reviewed for clear error. *See Summerall v. Astrue*, No. 3:10-CV-7-J-JRK, 2011 WL 1259705, at *5 (M.D. Fla. Mar. 31, 2011) ("General objections to a report and recommendation, such as incorporating by reference other arguments made in prior briefs, do not receive a de novo review."). Because the Court finds no error with respect to the findings not objected to, the Court adopts Judge's Angelo's reasoning in this Order.

CV-1704-WMR, 2023 WL 2949989, at *1 (N.D. Ga. Jan. 25, 2023) (finding that merely asserting a proper claim was alleged without further explanation was not a proper objection to an R&R). Because Judge D'Angelo used the correct legal standard to determine whether Plaintiff established personal jurisdiction, and because Plaintiff's objections fail to identify any case law or otherwise point to any supporting evidence which would suggest that his barebones allegations and supporting evidence establish personal jurisdiction, Plaintiff's arguments are rejected *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (explaining that plaintiff must establish a *prima facie* case of personal jurisdiction over a non-resident defendant.); *see also Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.").

The Court further finds that Judge D'Angelo did not improperly weigh evidence or otherwise err in her personal jurisdiction analysis. Not only does Plaintiff fail to identify which evidence was improperly considered, the Court finds that Judge D'Angelo properly evaluated the allegations and considered the evidence permissible at the pleadings stage. Indeed, when evaluating whether a plaintiff has plead sufficient facts to establish a *prima facie* case of jurisdiction over the non-resident defendant, "[t]he district court must [only] accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1286 (S.D. Fla. 2014) (citing *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000)). Where a defendant can successfully refute personal jurisdiction through affidavits or other competent evidence, "the plaintiff must substantiate its personal jurisdictional allegations through affidavits, testimony, or other evidence of its own." *Id.* (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir. 2000)).

Plaintiff failed to even satisfy his initial burden of alleging sufficient facts to make out a *prima facie* case of personal jurisdiction over Defendant. *See Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). As such, Judge D'Angelo's consideration of Defendant's affidavits and other evidence is largely irrelevant, as dismissal would have been proper based on a facial review of the Complaint alone. However, even if Plaintiff had adequately alleged jurisdiction, Judge D'Angelo's consideration of Defendant's affidavits was not improper, as courts routinely consider a defendant's affidavit to rebut allegations of personal jurisdiction at the motion to dismiss stage. *See e.g.*, *Guarini v. Doe*, 634 F. Supp. 3d 1100, 1103 (S.D. Fla. 2022). Merely considering Defendant's evidence disputing the allegations of personal jurisdiction does not constitute an improper weighing of evidence, particularly where Plaintiff did not offer competing declarations to refute Defendant's evidence. *See* ECF No. [38] at 8. Accordingly, the Court adopts the R&R's recommendation to dismiss the Complaint for lack of personal jurisdiction.

As for Plaintiff's argument that Judge D'Angelo improperly weighed the parties' evidence with respect to service of process, the Court need not consider that argument, as it has already been determined that the Complaint must be dismissed for lack of personal jurisdiction.[5] Accordingly, the Court proceeds to Plaintiff's final Objection.[6]

---

[5] Since it appears that Judge D'Angelo improperly weighed the parties' declarations when determining whether Plaintiff properly effectuated service of process, *see* ECF No. [38] at 21, that portion of the R&R's analysis is rejected. *Smith v. Franklin*, No. 2:24-CV-361-ECM-JTA, 2025 WL 1020782, at *3 (M.D. Ala. Apr. 4, 2025) (noting that where plaintiff presents countering evidence and there is no evidentiary hearing, the "court must construe all reasonable inferences in favor of the plaintiff") (internal citations and quotations omitted). Nevertheless, because there is no personal jurisdiction, the finding on that issue of service of process ultimately has no bearing on whether the Complaint should be dismissed.

[6] Additionally, because the Court has determined it lacks jurisdiction over this matter, the Court therefore lacks the authority to consider the viability of Plaintiff's Conversion claim in Count II. Accordingly, Judge D'Angelo's conversion claim analysis is rejected. *See McCormack v. Hilton Resorts Corp.*, No. 1:23-CV-1876-SEG, 2024 WL 6870310, at *8 (N.D. Ga. Mar. 25, 2024) ("[I]f a district court lacks personal jurisdiction, it may not evaluate the merits of the case.").

Because the Complaint has been dismissed, the Court must determine whether dismissal should be with or without leave to amend. While "Federal Rule of Civil Procedure 15(a)(2) provides that a district court 'should freely give leave [to amend the counterclaim] when justice so requires,' . . . 'a district court is not required to grant a plaintiff leave to amend his complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court.'" *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1297 (11th Cir. 2025). Thus, "[a] district court may dismiss a complaint with[out leave to amend] where the plaintiff fails to [properly] request leave to amend." *Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 862 (11th Cir. 2023).

Here, Plaintiff did not properly request leave to amend. Although Plaintiff asked for leave to amend in his Response if the Court found his pleadings to be insufficient, the Eleventh Circuit has been clear that a request for leave to amend contained in a response to a motion to dismiss is improper and has no legal effect. *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Pop*, 145 F.4th at 1298 ("Because Pop's request for leave to amend his complaint was imbedded within an opposition memorandum, it had no legal effect.") (internal citations and quotations omitted).[7] Furthermore, Plaintiff's purported request to amend at the motion hearing before Judge D'Angelo does not save his otherwise deficient request for leave either. As Judge D'Angelo explained in the R&R,

---

[7] In *Pop*, the Eleventh Circuit stated that the only exception to the general rule "that a [represented] plaintiff must properly request leave to amend before such leave must be given" is where the complaint is dismissed on shotgun pleading grounds. *Pop*, 145 F.4th at 1298.

8

Plaintiff's counsel represented to the Court that he only included the request to amend as an 'either or" statement as a matter of course, he d[id] not think the Complaint was deficient, and *he was not attempting to move for leave to file an amended complaint.*" ECF No. [38] (emphasis added). Accordingly, because Plaintiff did not properly seek leave to amend prior to dismissal, and the deadline to amend has since expired, *see* ECF No. [35], the Complaint is dismissed without prejudice and without leave to amend.

### IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation, **ECF No. [38]**, is **ADOPTED** to the extent it recommends dismissing the Complaint for lack of personal jurisdiction and that the dismissal is without prejudice and without leave to amend**.** However, the Report and Recommendation is **REJECTED** to the extent it recommends dismissing for improper service or, alternatively, dismissing only Count II (the Conversion claim) for failure to state a claim.

2. Defendant's Motion to Dismiss, **ECF No. [13]**, is **GRANTED**.

3. Plaintiff's Complaint, **ECF No. [1]**, is **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND.[8]**

---

[8] The dismissal does not preclude Plaintiff from refiling in a forum in which personal jurisdiction may be proper; it simply precludes Plaintiff from amending the Complaint in this case. *See Hoeltzell v. Caldera Graphics*, No. 11-21245-CV, 2012 WL 13012760, at *2 (S.D. Fla. Feb. 10, 2012); *see also Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1221 (11th Cir. 1999) ("[A] dismissal due to lack of personal jurisdiction acts as res judicata for the jurisdictional issue.").

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 10, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record