**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-23865-BLOOM/Elfenbein**

MICHAEL GRIFFITH,

     Plaintiff,

v.

PATRICIA TOSCANO,

     Defendant.

_____/

<u>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**</u>

**THIS CAUSE** is before the Court upon Plaintiff Michael Griffith's ("Plaintiff") Motion for Reconsideration, ECF No. [48] ("Motion for Reconsideration"), filed on March 19, 2026. Also before the Court is Plaintiff's First Motion for Leave to Amend the Complaint, ECF No. [49] ("Motion to Amend"). Defendant Patricia Toscano ("Defendant") filed a Response in Opposition, ECF No. [50], and Plaintiff filed a Reply, ECF No. [51]. The Court has reviewed the Motion for Reconsideration and Motion to Amend and related submissions and is otherwise fully advised. For the reasons that follow, the Motion for Reconsideration is denied, and the Motion to Amend is also denied.

**I.  BACKGROUND**

This action arises from a contract dispute between the parties involving the sale of Defendant's property located at 6825 Sunrise Drive, Coral Gables, Fl 33133, which was removed to federal court in August 2025. ECF No. [1]. In September 2025, Defendant filed a Motion to Dismiss, arguing—in relevant part—that the Complaint should be dismissed for lack of jurisdiction, as Plaintiff's jurisdictional allegations were threadbare and conclusory. ECF No. [13]. Plaintiff responded—again, in relevant part—that his allegations satisfied Florida's long-arm

statute and constitutional requirements for personal jurisdiction. ECF No. [16].

In October 2025, the Court referred the motion to dismiss to Magistrate Judge Frances D'Angelo for a Report and Recommendation ("R&R"). ECF No. [24]. In her R&R, Judge D'Angelo recommended that the Court dismiss Plaintiff's Complaint in part for lack of personal jurisdiction. ECF No. [38]. Additionally, although Judge D'Angelo recommended that the Complaint should be dismissed without prejudice, she concluded that the dismissal should be without leave to amend because Plaintiff did "not wish to file an amended complaint." *Id.* at 24.

Plaintiff timely filed objections to the R&R, contending that, while his pleadings could have been more specific as to where the alleged events giving rise to the instant action took place, his jurisdictional allegations nevertheless established a "substantive plausibility" that the alleged events occurred within this Court's jurisdiction. ECF No. [41] at 4. Plaintiff further disagreed with Judge D'Angelo's conclusion that the Complaint should be dismissed without leave to amend, arguing that his pleading deficiencies were easily curable, and, therefore, justice required leave to amend notwithstanding his failure to properly seek leave to amend.[1] *Id.* at 2–3.

In March 2026, the Court adopted the R&R in part. ECF No. [47]. As to personal jurisdiction, the Court found that Plaintiff had failed via his factual allegations and supporting evidence to make out a *prima facie* case for personal jurisdiction. *Id.* at 5. Thus, the Court did not need to consider Defendant's affidavits and other evidence; still the Court found that Judge D'Angelo's consideration of such evidence was proper. *Id.* at 7. Regarding leave to amend, the Court found that Plaintiff did not properly request leave to amend. *Id.* at 8. His one line in his Response to the Motion to Dismiss was legally insufficient, and his purported request at the motion

---

[1] Plaintiff points out that while he did not file a motion seeking leave to amend, he orally requested leave to amend at the motion hearing before the magistrate judge and submitted a written request for leave to amend in his Response to the Motion to Dismiss. *See* ECF No. [41] at 2.

hearing before Judge D'Angelo did not alter the Court's analysis, as it was not actually a request to amend. *Id.* at 8–9. Thus, the Court dismissed the Complaint without prejudice but without leave to amend on the basis of lack of jurisdiction and the absence of a proper request to amend. *Id.* at 9.

Plaintiff then filed the instant Motion for Reconsideration, arguing that the Court's ruling would create a manifest injustice, given that Defendant is subject to Florida's jurisdiction through its long arm statute. ECF No. [48] at 2. Furthermore, Plaintiff argues his failure to request leave to amend was "excusable neglect," as counsel "mistakenly believed his written request in the opposition papers to the Motion to Dismiss and his oral request at the hearing on the Motion was sufficient." *Id.* at 3. Along with the Motion for Reconsideration, Plaintiff filed a Motion to Amend and proposed Amended Complaint, ECF No. [49].

Defendant filed a Response in Opposition, arguing that there is no basis for reconsideration under Rule 59(e) or Rule 60, and therefore the Court need not reach the question of whether leave to amend ought to be granted. ECF No. [50]. Defendant also points out that Plaintiff failed to confer before filing either motion. *Id.* at 1 n.1. Plaintiff filed a Reply, arguing that the failure to confer should not dictate the outcome of the motions, as "[t]here is nothing for the parties to confer about." ECF No. [51] at 2–3. Plaintiff reiterates that "excusable neglect" exists here. *Id.* at 3–4.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). In order to justify reconsideration under Rule 59(e), the party seeking it must point to: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "[C]lear error or manifest injustice occurs where the Court has patently

misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012). "A Rule 59(e) motion cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (citation omitted and alterations adopted).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 671 (11th Cir. 2020) (quoting Fed. R. Civ. P. 60(b)). "Excusable neglect" has been defined as the "failure to take the proper steps at the proper time, not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident[.]" 49 C.J.S. Judgments § 556. Thus, "[u]tter indifference and inattention to business is not excusable neglect, and the failure to pay personal attention to the case is inexcusable negligence." *Id.* § 557. The Eleventh Circuit has explained that courts must consider all relevant factors in evaluating excusable neglect:

> Generally, excusable neglect under Rule 60(b)(1) is an equitable inquiry turning on "all relevant circumstances," and the pertinent factors include "the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996).

*Grant v. Pottinger-Gibson*, 725 F. App'x 772, 775 (11th Cir. 2018).

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The

burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)). Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072–73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

## III.   ANALYSIS

### A.  Failure to Confer

Local Rule 7.1(a)(3) requires pre-filing conferral of most motions. As this Court and others have made clear in the past, "a motion for reconsideration—which in this Court's experience typically will not resolve through a meet and confer—is nevertheless not specifically listed as one

of the exceptions to the Local Rule 7.1(a)(3) requirement." *Temurian v. Piccolo*, No. 18-CV-62737, 2019 WL 2491781, at *1 (S.D. Fla. June 14, 2019); *see also Sporea v. Regions Bank N.A.*, No. 19-CV-63159, 2020 WL 820269, at *1 (S.D. Fla. Feb. 19, 2020) (denying a motion for reconsideration in part for failure to comply with Local Rule 7.1(a)(3)); *Kozyrev v. Ponomarenko*, No. 19-CV-60497, 2020 WL 607137, at *1 (S.D. Fla. Feb. 7, 2020) (same); *McNair v. TrueCore Behav. Sols. LLC*, No. 21-CV-24094, 2022 WL 4271576, at *2 (S.D. Fla. Sept. 15, 2022) (same); *Khan v. United States*, No. 13-24366-CIV, 2014 WL 12774706, at *1 (S.D. Fla. July 8, 2014) ("By its terms, Local Rule 7.1(a)(3) does not exempt motions for reconsideration from its requirements."); *Rensel v. Centra Tech, Inc.*, No. 17-24500-CIV, 2020 WL 13536161, at *2 (S.D. Fla. Feb. 4, 2020) (same).

Thus, notwithstanding Plaintiff's arguments that conferral would have been pointless in the motion for reconsideration context, the failure to confer on either motion alone represents a sufficient basis for denial. Nevertheless, the Court will address the remaining arguments.

**B. Rule 59(e)**

Plaintiff argues that reconsideration is warranted because Defendant is subject to Florida's jurisdiction through its long arm statute, so dismissal for lack of jurisdiction represents a "manifest injustice." ECF No. [48] at 1–2. Specifically, Plaintiff argues that "[t]he conduct giving rise to the claims in the Complaint occurred in Florida and most of the witnesses and evidence are located in Florida." *Id*.

Defendant responds that Plaintiff's arguments do not actually address the clearly erroneous or manifest injustice standard provided by Rule 59(e). ECF No. [50] at 2. That is, the Court may only grant leave to amend pursuant to a Rule 59(e) motion if the movant shows that relief under Rule 59(e) is warranted in the first place, and here, Plaintiff has not shown reasons warranting reconsideration. *Id.* at 2–4. Instead, Plaintiff merely "disagrees with the determinations" in the

R&R and order dismissing the case and rehashes arguments previously made, both of which are insufficient. *Id.*

Plaintiff replies that his proposed Amended Complaint specifically addresses "(i) Defendant's purposeful availment of the forum through conduct directed at Florida; (ii) the causal relationship between those contacts and the claims asserted; and (iii) the reasonableness of the exercise of jurisdiction consistent with traditional notions of fair play and substantial justice." ECF No. [51] at 4. Those allegations, Plaintiff says, are sufficient. *Id.*

As an initial matter, the Court finds that the dispute here is not governed by Rule 15(a) directly, but by Rule 59(e). *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("Rule 15(a), by its plain language, governs amendment of pleadings before judgment is entered; it has no application *after* judgment is entered."). Thus, reconsideration is only warranted if Plaintiff can show that Rule 59(e)'s concern for "manifest injustice" is implicated, and the law regarding manifest injustice is clear:

> [C]lear error or manifest injustice occurs where the Court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . . Such problems rarely arise and the motion to reconsider should be equally rare."

*Campero USA Corp.*, 916 F. Supp. 2d at 1292–93 (quoting *Compania de Elaborados de Cafe*, 401 F. Supp. 2d at 1283).

Here, Plaintiff fails to establish manifest injustice. For instance, Plaintiff does not assert in his Motion for Reconsideration that the Court was incorrect in finding the Complaint insufficient in terms of establishing jurisdiction. Moreover, Plaintiff does not contend that the Court misunderstood the law surrounding when amendment is warranted.

Plaintiff does not allege that the Court's analysis misstated or misapprehended any law or facts. Indeed, Plaintiff concedes that "a separate motion to amend should have been filed pursuant to Federal Rule of Civil Procedure 15(a)(2) and 7(b)(1) or his oral request more clear and unequivocal." ECF No. [48] at 3. In other words, Plaintiff essentially admits that the Court's reasoning on dismissal was correct but argues Plaintiff should be permitted leave to amend anyway. Thus, Plaintiff has failed to satisfy the basic requirements of a Rule 59(e) motion by pointing to anything the Court got wrong in its initial order.

Cases like *Alamanza v. United Airlines* do not compel a different result. 851 F.3d 1060 (11th Cir. 2017). In *Alamanza*, the Eleventh Circuit indicated that a movant may request leave to amend under Rule 59(e) or Rule 60. *Id.* at 1075 (citation omitted). The district court had denied the plaintiff leave to amend because it had found that amendment would be futile. *Id.* at 1074. The Eleventh Circuit affirmed that dismissal, finding that the plaintiff had not shown how the district court was wrong—that is, the plaintiff had not shown that amendment was not futile. *Id*. at 1075. In effect, the Eleventh Circuit applied Rule 59(e)'s framework to the district court's challenged finding of futility, and the Eleventh Circuit found that the district court made no error.

But here, the denial of leave to amend was not made on the basis of futility. The Eleventh Circuit and district courts, since *Alamanza*, have been clear that courts need not reach a futility analysis if a plaintiff fails to properly request leave to amend, which Plaintiff admits was the case here. *Pop v. LuliFama.com LLC*, 145 F.4th 1285, 1297–98 (11th Cir. 2025); *Walker v. Baptist Health Sys., Inc*., No. 3:25-CV-588-MMH-SJH, 2025 WL 3902262, at *11 (M.D. Fla. Dec. 15, 2025) ("This rule applies regardless of whether any amendment would or would not be futile."), *report and recommendation adopted*, No. 3:25-CV-588-MMH-SJH, 2026 WL 49811 (M.D. Fla. Jan. 7, 2026); *Hanlon v. Northrop Grumman Corp.*, No. 3:24-CV-306-WGY-PDB, 2025 WL

2676414, at *3 (M.D. Fla. Sept. 18, 2025). Notwithstanding Plaintiff's arguments in his Motion for Reconsideration center around futility—the ways that his Complaint could be amended to better show personal jurisdiction. *See generally* ECF No. [48]. In essence, Plaintiff argues against futility, when futility was not the basis for denial of leave to amend. In this regard, Plaintiff has not actually challenged the dismissal order. Thus, Plaintiff has failed to meet his burden under Rule 59(e), so the Court declines to reconsider its ruling on the issue of personal jurisdiction or leave to amend.

### C.  Rule 60

Plaintiff next argues that relief from the Court's order of dismissal is warranted pursuant to Rule 60. ECF No. [48] at 2. Plaintiff explains that "[c]ounsel mistakenly believed his written request in the opposition papers to the Motion to Dismiss and his oral request at the hearing on the Motion was sufficient." *Id.* at 3. Plaintiff argues that he has previously explained how the Complaint could be amended, thereby precluding prejudice to Defendant, and further argues that relief is warranted as discovery has not yet begun, nor is there an imminent trial date pending. *Id.*

Defendant responds that "counsel's alleged misapprehension of federal law" cannot constitute excusable neglect. ECF No. [50] at 5. Moreover, the record reflects that the failure to move to amend was "volitional," not "accidental." *Id.* at 6.

Plaintiff replies that "[t]his is not a case of counsel misreading a clear and unambiguous filing deadline. Rather, counsel's conduct reflected a reasonable, good-faith belief that an oral request at a hearing on a motion to dismiss and a written request in opposition papers sufficed to place before the Court the matter of amendment." ECF No. [51] at 3. In this regard, the Court should consider "all relevant circumstances"—including, prejudice, delay, impact on the proceedings, and good faith—to determine if "excusable neglect" exists. *Id.*

The Court agrees with Defendant. As Defendant correctly points out, notwithstanding the otherwise-applicable test for excusable neglect, "a lawyer's misunderstanding of clear law cannot constitute excusable neglect." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). To hold otherwise would permit lawyers to plead their "own inability to understand the law when [they fail] to comply with" a requirement of the law. *Id*.

Here, the law—as articulated in cases like *Pop*—was clear: plaintiffs must request leave to amend either through a proper motion to amend or otherwise before the Court. *Pop*, 145 F.4th at 1297. Any request contained in the Response to the Motion to Dismiss was categorically insufficient, *id.* at 1298, so it was a mistake of law for Plaintiff's counsel to believe that a request in his Response was a viable request for leave to amend. Moreover, the following statement from the January 2026 hearing is clearly not a request to amend: "I did not intend my response in any way, shape, or form to be a motion to amend. I would have filed that if that is what I wanted to do at this proceeding stage." ECF No. [42] at 62:22–24. What Plaintiff frames as a misapprehension of fact is, in reality, a misapprehension of law—a misunderstanding not of what actions were taken, but of what actions the law *required* a lawyer to take to request leave to amend. Indeed, Plaintiff effectively admits as much, stating that he believed his requests were "sufficient"—a question of law. Thus, the Court finds no basis to reconsider its dismissal order pursuant to Rule 60's excusable neglect ground.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Reconsideration, **ECF No. [48]**, is **DENIED**.

2. Plaintiff's Motion to Amend, **ECF No. [49]**, is **DENIED**.

3. The Clerk is directed to **CLOSE** the case.

4.

Case No. 25-cv-23865-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 12, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

11